## SAN ANTONIO & ARANSAS PASS RY. CO. v. SCHAEFFER. (No. 5837.)

(Court of Civil Appeals of Texas. San Antonio. April 11, 1917. Rehearing Denied May 2, 1917.)

1. RAILROADS ⬤348(1, 6) — CROSSING ACCIDENTS—EVIDENCE—JURY QUESTION.
   In an action for damages to an automobile struck at a crossing by defendant's locomotive, evidence *held* to warrant a finding that defendant was negligent, and that the driver of the motor car was not contributorily negligent.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138, 1140, 1141, 1144, 1149.]

2. APPEAL AND ERROR ⬤207—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.
   Defendant, who failed to move to exclude improper argument which was excluded on motion of plaintiff, cannot attack the verdict on appeal on the ground that it was the result of passion and prejudice, particularly where it also in claiming that plaintiff was contributorily negligent pointed out that the jury must have been convinced of that fact as they awarded only one-half of the damages proven.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500.]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by A. R. Schaeffer against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 179 S. W. 540.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant. John Baker, B. D. Tarlton, Jr., and H. S. Bonham, all of Beeville, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover damages to an automobile which came into collision with a locomotive belonging to appellant. The cause was tried by jury, and resulted in a verdict in favor of appellee for $500.

[1] The evidence showed that a car of appellant stood on the side of a crossing on a street in the town of Beeville; that it projected perhaps half its length into the street; that it obscured the main track so that a train or locomotive moving along it towards the south could not be seen. The driver of appellee's automobile came across the side track on which the car was standing, going in an easterly direction, and as he ran around the end of the projecting car a locomotive pushing a flat car darted out in front of him, on the main track, and although he had released his clutch and put on his brakes the momentum of the automobile carried it into and against the locomotive, and the automobile was wrecked. The chauffeur swore that he looked and listened before he ran around the end of the car, and neither saw nor heard the locomotive. The automobile was moving at a speed of about eight miles an hour when it went around the car projecting into the crossing. The cars on the siding track obscured the main track toward the north, and the occupants of the automobile could not see the approaching locomotive and car until they ran out in front of them. The occupants of the car, two persons, did not see or hear the approaching locomotive and car until they were crossing the side track about nine feet from the main track, when the car suddenly appeared. Every effort was made to stop the automobile, but it could not be done. No whistle or bell was heard by the two persons in the car.

The jury was justified in finding that the accident was the proximate result of the placing of the cars on the siding so as to obstruct the view of persons using the street, and the running of the locomotive at a rapid rate of speed on a street in a town, without keeping watch at crossings, and that the driver of the automobile was not guilty of contributory negligence. The evidence showed that after the driver of the automobile discovered the car, rapidly pushed by the locomotive, he used every means to stop the automobile. The cars on the siding were

placed in such a position as to make it impossible for persons approaching the main track from the west to see a locomotive moving on the main track from the north. The train was moving too swiftly for the situation on a street in a large town. Warning should have been given the occupants of the automobile of the approach of the locomotive and car. It was not shown that the noise of the "cut-out" on the automobile prevented the driver from hearing the locomotive. Although a conductor was walking about near the crossing he seemed to keep no watch for approaching vehicles, and made no effort to warn them, although he was close to the crossing and had a clear view of the street along which the automobile was running. He pretended to be guarding the crossing. He was charged with knowledge of the dangers of the crossing, but failed to keep a proper outlook. These conclusions of fact dispose of the first, second, third, fourth, and fifth assignments of error.

[2] The verdict does not evidence any prejudice or passion on the part of the jury, although under the sixth assignment of error it is contended that the passion and prejudice of the jury were aroused by the remarks of counsel for appellee. In another portion of the brief, however, in endeavoring to show that the jury was convinced of the contributory negligence of appellee's chauffeur, it is argued that the jury found for a little more than half of the damages proved by appellee. The language of which complaint is made was, although strong, justified by the facts. Appellant placed its car in the street, obscuring the vision, in at least one direction, of those using the street. There was considerable argument objected to according to the bill of exceptions, but the only language of which complaint is made in this court is that stating that appellant had robbed the city of a part of the street crossing. That language was promptly withdrawn from the jury, and they were instructed by the court not to consider it. Appellant made no effort to have the remarks of counsel excluded from consideration, but it was done at the request of counsel for appellee.

The judgment is affirmed.